**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0212n.06

**No. 09-5814**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JUSTIN T. BECKMAN, et al., | ) | |
| | ) | |
|     Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| WILLIAM BIVENS, individually and in his | ) | **STATES DISTRICT COURT FOR THE** |
| official capacity as Sheriff of Monroe County, | ) | **EASTERN DISTRICT OF TENNESSEE** |
| Tennessee, | ) | |
| | ) | |
|     Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MONROE COUNTY, TENNESSEE, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

FILED
Apr 06, 2010
LEONARD GREEN, Clerk

**Before: GIBBONS, ROGERS, and KETHLEDGE, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant–appellant William Bivens appeals the district court's partial denial of summary judgment on qualified immunity grounds. Plaintiffs–appellees were employees of the Monroe County Sherriff's Department and brought the instant suit when they were discharged from employment after Bivens was elected sheriff in 2006. Nineteen plaintiffs claimed that they had been discharged because they had supported the incumbent candidate in the election instead of Bivens. They sued Bivens, in his official and individual capacity, and Monroe County under 42 U.S.C. § 1983, alleging that Bivens had discharged them in retaliation

for the exercise of their First Amendment right to assemble, thus violating their civil rights. After six plaintiffs were dismissed voluntarily or for want of prosecution, Bivens sought summary judgment, asserting the defense of qualified immunity.

The district court granted summary judgment for Monroe County and Bivens in his official capacity. *Beckman v. Bivens*, No. 3:06-CV-384, 2009 WL 1748738, at *8–9 (E.D. Tenn. June 19, 2009). As for Bivens in his individual capacity, the district court found that "the First Amendment speech and affiliation rights implicated in this case are clearly established [because] no reasonable official would think it lawful to terminate a government employee because that employee supported the official's opponent during an election." *Id.* at *8. On the question of whether a constitutional violation occurred, the court held that, as to eight of the thirteen remaining plaintiffs,[1] "there is sufficient circumstantial evidence of a constitutional violation for those eight claims to proceed to a jury." *Id.* Relying on our decision in *Griffith v. Coburn*, 473 F.3d 650 (6th Cir. 2007), the district court concluded that because "the resolution of this case will depend, in large part, on which parties' version of events the jury believes, and which witnesses the jury finds to be more credible[,] . . . summary judgment is not appropriate." *Id.*

In *Johnson v. Jones*, the Supreme Court held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." 515 U.S. 304, 319–20 (1995). "[A]n interlocutory appeal concerning this kind of issue in a sense makes unwise use of appellate courts' time, by forcing them to decide in the context of a less developed

---

[1]With respect to the other five plaintiffs, the district court held that there was no genuine issue of material fact for trial and granted summary judgment for Bivens. *Bivens*, 2009 WL 1748738, at *3–7.

09-5814, *Beckman v. Bivens*

record, an issue very similar to one they may well decide anyway later, on a record that will permit a better decision." *Id.* at 317. Here, for each of the eight plaintiffs against whom summary judgment was denied, the district court found that there was a genuine issue of material fact as to whether Bivens's decision to discharge them was motivated at least in part by their political activities. *See Bivens*, 2009 WL 1748738, at *3–7. Bivens continues to dispute these facts on appeal. He makes no attempt to argue that the district court applied incorrect law, instead arguing that there is actually no genuine issue of material fact for trial. Therefore, Bivens's case is in the category of qualified immunity cases not open to interlocutory appeal.

Accordingly, the appeal is dismissed for lack of appellate jurisdiction, and the case is returned to the district court for further proceedings.